IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| GREGORY GILLILAN, | : | |
| Plaintiff | : | |
| VS. | : | CIVIL ACTION NO. 5:11-CV-207 (CAR) |
| DR. MARY ALSTON, | : | |
| Defendant | : | |

# ORDER

Plaintiff GREGORY GILLILAN, presently incarcerated at Rogers State Prison in Reidsville, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. §1983. Plaintiff has not paid the $350.00 filing fee or sought leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). Because Plaintiff has not paid the filing fee, the Court will assume he wishes to proceed *in forma pauperis*.

However, pursuant to 28 U.S.C. § 1915(g), a prisoner is prohibited from bringing a civil action in federal court *in forma pauperis* "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." The Eleventh Circuit has concluded that §1915(g) does not violate the doctrine of separation of powers, an inmate's right of access to the courts, an inmates right to due process of law, or an inmates right to equal protection. Dismissal of a prisoner complaint under this section is thus constitutional. See Rivera v. Allin, 144 F.3d 719, 721-27 (11th Cir. 1998), abrogated on other grounds by Jones v. Bock, 549 U.S. 199, 127 S. Ct. 910, 166 L.Ed.2d 798 (2007).

A review of court records reveals Plaintiff has a prolific filing history. At present, at least eleven (11) of these complaints or appeals have been dismissed as frivolous pursuant to 28 U.S.C. § 1915: Gillian v. Pollark, 1:07-CV-50 (WLS)(M.D. Ga. April 4, 2007); Gillilan v. Galloway, 1:06-CV-71 (WLS)(M. D. Ga. March 5, 2007); Gillilan v. Scarborough, 1:05-CV-172 (WLS)(M. D. Ga. February 2, 2007); Gillilan v. Harrison, 1:06-CV-176 (WLS)(M. D. Ga. January 31, 2007); Gillilan

v. Bell, 1:07-CV-3 (WLS) (M.D. Ga. January 11, 2007); Gillilan v. Thomas, 1:06-CV-122 (DHB)(S. D. Ga. January 10, 2007); Gillilan v. Johnson, 1:06-CV-177 (WLS)(M.D. Ga. January 8, 2007)(A later appeal was also dismissed as frivolous in this case on April 25, 2007); Gillilan v. Cannon, 1:06-CV-114 (WLS)(M.D. Ga. August 8, 2006); Gillian v. Hilton, 1:05-CV-133 (WLS)(M.D.Ga. August 18, 2006)(A later appeal was also dismissed in this case on May 8, 2007).

Because Plaintiff has had at least eleven prior dismissals, he cannot proceed *in forma pauperis* in the instant case unless he can show that he qualifies for the "imminent danger of serious physical injury" exception of § 1915(g). The Court notes that plaintiff is incarcerated in the Rogers State Prison in Reidsville, Georgia. If Plaintiff wishes to file a claim alleging that he is in "imminent danger of serious physical injury," the proper venue for such claim is the Southern District of Georgia, where Rogers State Prison is located.

Therefore, Plaintiff's request to proceed *in forma pauperis* is **DENIED** and the instant action is **DISMISSED** without prejudice. If Plaintiff wishes to bring a new civil rights action against this Defendant, he may do so by submitting new complaint forms and the entire $350.00 filing fee at the time of filing the complaint in the Southern District of Georgia.[1]

**SO ORDERED**, this 3rd day of June, 2011.

S/ C. Ashley Royal
C. ASHLEY ROYAL, JUDGE
UNITED STATES DISTRICT COURT

jlr

---

[1] In Dupree v. Palmer, 284 F.3d 1234 (11th Cir. 2002), the Eleventh Circuit held that a prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status, he must pay the filing fee at the time he initiates the suit.